UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| STANLEY JOE POWELL, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-0276 |
| § | |
| CHARLES WAGNER, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stanley Joe Powell has filed a civil rights complaint under 42 U.S.C. § 1983, concerning his arrest by deputies employed by the Brazoria County Sheriff's Department. He is *pro se* and he has filed an application for leave to proceed *in forma pauperis* (Dkt. 2), which will be granted. The Court is required to scrutinize every complaint filed by a plaintiff proceeding *in forma pauperis* and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I.  **BACKGROUND**

Powell has filed this lawsuit against Brazoria County Sheriff Charles Wagner, Brazoria County District Attorney Jeri Yenne, the Brazoria County Collection Department, and Brazoria County (Dkt. 1, at pp. 1-2). Powell alleges that he was

wrongfully arrested by deputies employed by the Brazoria County Sheriff's Department on September 15, 2012, and charged with assault with bodily injury to a family member after his wife called the police (*Id*. at p. 2). Powell complains that Yenne continued to prosecute him even after his wife told Yenne on October 3, 2012, that she no longer wished to pursue the charges (*Id*.).

Powell was subsequently re-arrested on February 1, 2013, and charged again with assault with bodily injury to a family member (*Id*.). Powell complains that Yenne wrongfully combined the charges in both of his cases, which Powell claims were misdemeanors, and obtained an indictment against Powell that was enhanced for purposes of punishment as a third-degree felony (*Id*. at p. 3). Powell reports that on August 22, 2013, a jury acquitted him of the assault charge stemming from his arrest on September 15, 2012, and did not convict him of a felony (*Id*.).[1] Alleging that he was subject to his false arrest, wrongful confinement, and malicious prosecution, Powell seeks compensatory and punitive damages under 42 U.S.C. § 1983 and an injunction ordering the Brazoria County Sheriff's Department to stay away from him (*Id*. at pp. 4-5).

## II. STANDARD OF REVIEW

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal

---

[1] Public records from the Brazoria County Clerk's Office reflect that Powell was convicted on August 22, 2013, of assault causing bodily injury to a family member in Case No. 69871 and sentenced to nine months' confinement in the Brazoria County Jail. *See* Brazoria County Criminal Records Search at: http://publicbrazoria-county.com (last visited May 22, 2018). Assault charges lodged that were against him in Case No. 198916 were dismissed on August 23, 2013. *See id.*

construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, however, a *pro se* plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. DISCUSSION

As an initial matter, Powell does not allege any personal involvement by Sheriff Wagner. Personal involvement is an essential element of a civil rights cause of action. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (holding that a plaintiff bringing a § 1983 action must "specify the personal involvement of each defendant"). To the extent that Powell sues Wagner in his capacity as a supervisory official, § 1983 does not create vicarious or respondeat superior liability for the wrongdoing of others. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (holding that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983).

Powell does not allege facts showing that any of his arrests were the result of a deficient policy adopted by Sheriff Wagner or Brazoria County. Absent a showing that he was arrested as the result of a constitutionally deficient policy, Powell does not state a claim against Sheriff Wagner or against Brazoria County as a municipality. *See Monell*, 436 U.S. at 694-95; *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir.

2010) (explaining that municipal liability requires "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom").

Powell does not otherwise state a claim upon which relief may be granted. Powell discloses in his complaint that he was arrested and charged with assault on a family member after his wife called the police (Dkt. 1, at p. 2). To prevail on his claim of false arrest, Powell must show that there was no probable cause to arrest him. *See Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Id*. at 655-56 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)). Although Powell's wife later told the district attorney that she did not want to pursue the prosecution, her initial accusations of domestic assault gave the deputies probable cause to make his arrest. *See, e.g., Jones v. Sparta Comm. Hosp.*, 716 F. App'x 547, 49 (7th Cir. 2018) (rejecting a claim of false arrest after concluding that domestic-battery accusations by the plaintiff's ex-wife constituted probable cause for his arrest). Powell does not otherwise allege facts showing that his arrest was not based on probable cause and, as a result, he fails to state an actionable claim for false arrest.

Likewise, Powell's claim of malicious prosecution is untethered to any asserted violation of the United States Constitution or laws, which is required to state a claim for relief under 42 U.S.C. §1983. The Fifth Circuit has held that "'malicious prosecution'

standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc). Absent a showing that his prosecution was tainted by a separate constitutional violation, Powell does not articulate a viable claim for malicious prosecution under §1983. Therefore, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The motion for leave to proceed *in forma pauperis* filed by the plaintiff, Stanley Joe Powell (Dkt. 2), is **GRANTED**.

2. Powell's civil rights complaint (Dkt. 1) is **DISMISSED** with prejudice.

The Clerk is directed to provide a copy of this order to the plaintiff.

SIGNED at Galveston, Texas, this 25th day of May, 2018.

_____
George C. Hanks Jr.
United States District Judge